IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| PAUL J. TRIPUCKA AND<br>MELISSA A. TRIPUCKA,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN HERITAGE LIFE<br>INSURANCE COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. _____<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant American Heritage Life Insurance Company ("Defendant"), for purposes only of removing this cause to the United States District Court for the Eastern District of Tennessee, Northeastern Division, states:

1. **State Court Action.** This is an action filed by Plaintiffs on March 28, 2013 in the Chancery Court for Hamblen County, Tennessee at Morristown, being numbered Case No. 2013-CV-114 on the docket of said court and essentially being a suit by Plaintiffs to recover medical benefits under a group insurance policy. Defendant has, to date, made no appearance in the Chancery Court action.

2. **Preemption by Federal Law.** As a matter of law, some or all of Plaintiffs' claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, which is a law of the United States. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41

(1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); *McSharry v. UNUMProvident Corp.,* 237 F. Supp. 2d 875, 881 (E.D. Tenn. 2002).

3. **Original Jurisdiction.** This action is removable under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 29 U.S.C. § 1132 on the basis of a federal question. Specifically, Plaintiffs seek to recover benefits under an ERISA-governed employee benefit plan. Plaintiffs are insured under a group policy issued by Defendant to Builders FirstSource, Inc. (the "Group Policy"). [*See* Declaration attached as <u>Exhibit 1</u>.] Specifically, Plaintiff Paul J. Tripucka, by virtue of his employment with Builders FirstSource, Inc. or one of its affiliates (the "Employer"), and Plaintiff Melissa A. Tripucka, as the spouse of Paul J. Tripucka, were eligible for coverage under the Group Policy, subject to the terms and conditions thereof. [*Id.*] The Employer is the plan sponsor, administrator, and policyholder of the Group Policy, selected the classes of employees eligible for insurance, the eligibility waiting period, and certain features of the Group Policy it offered to its eligible employees. [*Id.*] The Employer can cancel the Group Policy, and the Group Policy sets forth the responsibilities of the Employer thereunder. [*Id.*] The plan of the Employer is exclusively maintainable under 29 U.S.C. § 1132. First, ERISA governs the plan because the Group Policy and certificates of insurance set forth the procedure for eligible participants to obtain health benefits, subject to the terms and limitations thereof, and is an employer-sponsored employee welfare benefit plan. *See e.g., Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 434-35 (6th Cir. 1996); *Hansen v. Cont'l Ins. Co.,* 940 F.2d 971, 976-78 (5th Cir. 1991). Second, Plaintiffs assert

a claim for breach of contract, alleging failure to pay benefits under the insurance contract. [Complaint, ¶¶ 26-28.] This claim depends on the terms of the insurance coverage and is completely preempted, as a matter of law, by ERISA, as 29 U.S.C. § 1132 governs actions under ERISA and provides the exclusive remedy for actions under an ERISA-regulated plan. Consequently, this Court has original jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and 29 U.S.C. § 1132. Venue is proper under 28 U.S.C. § 1441(a) because this District and Division encompass the place where the removed action was pending.

4. **State Court Documents Attached.** Defendant was served through the Tennessee Department of Commerce and Insurance on April 4, 2013. This removal is timely under 28 U.S.C. § 1446(b). Attached as Exhibit 2 are true and correct copies of the process, pleadings, or orders received by Defendant and/or the documents that were in the state court's file as of the filing of this removal, as follows:

| Document | Date |
|---|---|
| Complaint | 03/28/2013 |
| Summons | 03/28/2013 |

5. **Notice.** Defendant will give notice of filing of the Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d) and will file with the Hamblen County Chancery Court a notice of filing this Notice of Removal, a copy of which is attached as Exhibit 3.

NOTICE OF REMOVAL                                                                                                               Page 3
N VAS01 959899 v1
0-0  05/01/2013

Case 2:13-cv-00126-JRG-DHI   Document 1   Filed 05/02/13   Page 3 of 6   PageID #: 3

6. **Prayer.** Wherefore, Defendant prays that the United States District Court for the Eastern District of Tennessee, Northeastern Division, accept this Notice of Removal, that it assume jurisdiction of this cause, that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and that it grant such other and further relief as may be necessary.

Respectfully submitted,


By: s/ V. Austin Shaver
    V. Austin Shaver, BPR No. 026581
    BAKER, DONELSON, BEARMAN,
    CALDWELL, & BERKOWITZ, P.C.
    211 Commerce Street, Suite 800
    Nashville, Tennessee 37201
    Telephone: (615) 726-5761
    Facsimile: (615) 744-5761
    vshaver@bakerdonelson.com

-and-

S. Russell Headrick, BPR No. 005750
BAKER, DONELSON, BEARMAN,
CALDWELL, & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
Telephone: (865) 549-7204
Facsimile: (865) 633-7204
rheadrick@bakerdonelson.com

-and-

Andrew G. Jubinsky, *pro hac vice to be filed*
Texas State Bar No. 11043000
andy.jubinsky@figdav.com
Ryan K. McComber, *pro hac vice to be filed*
State Bar No. 24041428
Ryan.mccomber@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT AMERICAN
HERITAGE LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Notice of Removal has been served upon the following parties in interest herein by delivering same to the offices of said parties in interest, or by mailing same to the offices of said parties in interest by United States Mail with sufficient postage thereon to carry the same to its destination

Steven W. Terry
R. Dale Darby
BREWER & TERRY, P.C.
1702 W. Andrew Johnson Hwy,
Morristown, TN 37816-2046

This 2nd day of May, 2013

                                              s/ V. Austin Shaver
                                              V. Austin Shaver